IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN LARSON, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 06 C 1174 |
| v. | ) ) |
| CAPITAL ONE AUTO FINANCE, INC. and AL PIEMONTE FORD SALES, INC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Larson has sued Capital One Auto Finance, Inc. (Capital One) and Al Piemonte Ford Sales, Inc. (Al Piemonte) under the Fair Credit Reporting Act (FCRA). Larson alleges that Capital One and Al Piemonte accessed his credit report without his consent and without a proper purpose, in violation of the FCRA. Larson has moved pursuant to Federal Rule of Civil Procedure 23(b)(3) to certify a class of similarly situated plaintiffs. Both Al Piemonte and Capital One oppose class certification. For the reasons stated below, the Court grants Larson's motion.

### Facts

Larson's claims are based on a direct mail solicitation he received from defendants that notified him that he had been pre-approved for automobile financing. The mailer stated that "this 'pre-screened' offer of credit is based on information in your credit report indicating that you meet certain criteria." *See* Pl. Ex. A at 2. The mailer advised that the recipient was pre-

approved for a loan of up to $25,000, so long as he or she was at least eighteen years old, had a monthly income of at least $1,500, and did not have a pending bankruptcy.

The mailer was sent to approximately 9,548 Illinois addressees. Capital One prescreened the credit reports of 8,384 of those addressees. The remaining 1,164 Illinois addressees were not prescreened, and the parties agree that these recipients should be excluded from the purported class. The parties also agree that the four individuals who actually responded to the mailer and received loans from Capital One should be excluded from the purported class.

Larson filed this lawsuit on March 6, 2006, alleging that the defendants willfully violated the FCRA because they accessed his credit report and those of the other addressees without their consent and without complying with the FCRA's "firm offer of credit" exception. *See* 15 U.S.C. § 1681b(c)(1)(B)(i). Larson has moved for class certification of a class consisting of all persons with Illinois addresses to whom defendants prescreened and sent the solicitation, except for those who obtained credit as a result of responding to the solicitation.

## Discussion

To succeed on a motion for class certification, a plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of one of the subsections of Rule 23(b). Rule 23(a) requires a class so large "that joinder of all members is impracticable"; the existence of "questions of law or fact common to the class"; claims by the named representative that "are typical . . . of the claims . . . of the class"; and a named representative who "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Larson seeks certification under Rule 23(b)(3), which requires that common questions "predominate over any question affecting only individual

members" and that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3); *see Amchem Prods.*, 521 U.S. at 615.

**1.      Rule 23(a) requirements**

Rule 23(a)'s requirements of commonality, typicality, and adequacy of representation often merge and serve as "guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods.*, 521 U.S. at 626 n.20 (internal quotation and citation omitted). The commonality and typicality requirements are intended to "ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 241 (7th Cir. 1997).

To determine if class certification is appropriate, the Court undertakes an initial inquiry into whether the named representative's claim and the claims of the proposed class pertain to the same essential situation. A plaintiff's claim is typical if it "'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [his] claims are based on the same legal theory.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

A named plaintiff satisfies the typicality requirement when his claim and those of the class members have a common legal theory, even if some factual variations exist. *Oshana*, 472 F.3d at 514. Larson's claims against the defendants meet this requirement. Specifically, his claims derive from the same set of facts and proceed on the same legal basis as those of the

3

proposed class: the defendants improperly accessed their credit reports before sending out a mass mailing.

Defendants argue that Larson's claims do not meet the typicality requirement. They rely on the fact that Larson did not read the mailing in its entirety and did not call to learn his pre-approval amount or apply for automobile financing. These arguments miss the point. Both Larson's claims and the proposed class members' claims concern defendants' alleged conduct in accessing the class members' credit reports for the purpose of sending Larson and the class members the mailing. What occurred after the mailer was sent out is not dispositive of whether defendants violated the FCRA. Moreover, because Larson does not seek to represent the class of persons whose credit report was not prescreened for the mailing or the four customers who actually responded to the mailer and received a loan from Capital One, typicality is not an obstacle to class certification.

Larson meets the commonality requirement for similar reasons. Larson's claim and the claims of the class members present the same issues: whether the material in the mailing complies with the FCRA's "firm offer of credit" exception and whether defendants violated the FCRA willfully. *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006). These questions involve defendants' activities, not Larson's conduct or the conduct of the proposed class members.

The Rule 23(a)(4) requirement that the plaintiff provide fair and adequate protection for the interests of the class involves two factors: the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and the plaintiff must not have interests antagonistic to those of the class. *Rosario*, 963 F.2d at 1018. The adequacy of

representation requirement is intended to "uncover conflicts of interest between the named parties and the class they seek to represent." *Amchem Prods.*, 521 U.S. at 625.

Defendants do not challenge the adequacy of Larson's counsel for the proposed class. Given counsel's breadth and depth of experience in litigating consumer protection cases in this District, the Court has no reason to question counsel's ability to fairly and adequately litigate the case on behalf of the class. *See, e.g.*, *Murray*, 434 F.3d 948, 952; *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 722 (7th Cir. 2004).

As to the second factor, both Larson and the proposed class members seek money damages as the result of defendants' alleged FCRA violations. In light of the identity of the claims between Larson and class members, the Court finds that no antagonism exists between the interests of the named plaintiff and those of the class. The Court concludes that Larson satisfies Rule 23(a)(4)'s adequacy requirement.

Accordingly, the Court finds that Larson has met all of the requirements of Rule 23(a).[1]

**2.      Rule 23(b)(3) requirements**

Larson seeks to have the class certified under Rule 23(b)(3). He contends that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Common questions predominate when the proposed class is sufficiently cohesive to warrant adjudication as a whole rather than through individual suits. *Amchem Prods.*, 521 U.S. at 623. Larson must satisfy a higher hurdle for predominance under Rule 23(b)(3) than was necessary for Rule 23(a)(2) commonality. *Id.* at 623-24. Larson defines

---

[1] Defendants do not challenge the numerosity of the proposed class.

the common issues affecting the class as whether the mailing constituted a "firm offer of credit" and whether the defendants willfully violated the FCRA.

Defendants argue that a class action based on the mailing is impractical because determining whether a "firm offer of credit" was extended would require examining every recipient's individual circumstances. The Seventh Circuit rejected a similar argument in *Murray*. *Murray*, 434 F.3d at 955. Whether a proposed credit offer qualifies as a "firm offer of credit" under the FCRA depends on the terms of the offer, not the circumstances or responses of the recipients. *Id.* at 956. In *Murray*, the court said that the inquiry turns on the "four corners of the offer" and whether the offer has value to the "normal consumer," thus, making a recipient-by-recipient evaluation unnecessary. *Id.* at 955; *see also Cole*, 389 F.3d 719 (7th Cir. 2004).

The Court finds that the same is true in this case. Rather than looking to the individual circumstances of the class members, as defendants contend is necessary, the predominant issue is whether the defendants' mailing satisfies the statutory requirements for a "firm offer of credit." In sum, Larson has satisfied the predominance requirement of Rule 23(b)(3).

Defendants argue that a class action is not superior to individual actions to adjudicate the claims because Larson and other potential plaintiffs could seek a larger award of actual or statutory damages through individual actions. The Seventh Circuit rejected a similar argument in *Murray*, finding that class actions were "designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray*, 343 F.3d at 953. Indeed, class certification is appropriate when "a class would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as

to persons similarly situated, without sacrificing procedural fairness or bringing about undesirable results." *Amchem Prods.*, 521 U.S. at 615 (internal quotation and citation omitted).

This case is well-suited for class action status because there is no better method available for the adjudication of the claims that might be brought by each individual consumer. The vast majority of the consumers who received the mass mailing most likely are unaware that their rights may have been violated by the prescreening and the mailing. Moreover, 8,380 individual FCRA suits, or even a significant fraction of that number, would unduly burden the courts. Judicial efficiency would be greatly promoted through the adjudication of these largely identical claims in a single proceeding.

For these reasons, the Court concludes that the proposed class meets the requirements of Federal Rule of Civil Procedure 23(b)(3).

**Conclusion**

For the foregoing reasons, the Court grants plaintiff's motion for class certification [docket no. 32] and certifies a class consisting of all those persons with Illinois addresses who received defendants' mailer, whose credit reports were prescreened by either defendant, and who did not obtain an automobile loan as a result of receiving the mailer. The parties are directed to meet and confer regarding the preparation of a notice to the members of the class and are directed to submit an agreed proposed notice (or separate proposals if they cannot reach agreement) to chambers no later than March 14, 2007.

                                                                                       _____
                                                                                        MATTHEW F. KENNELLY
                                                                                        United States District Judge

Date: March 5, 2007